UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Adam Anderson,

       Petitioner,

v.                                     Case No. 2:12-CV-00333
                                     HON. R. ALLAN EDGAR

Mitchell Perry,

       Respondent.

_____/

## OPINION AND ORDER

Petitioner filed this § 2254 petition for writ of habeas corpus challenging the validity of his state court conviction based on a Fourth Amendment violation and an improper jury instruction.  On March 15, 2010, Petitioner was found guilty by a jury and convicted of Possession of a Firearm by a Felon (Felon in Possession, M.C.L. § 750.224(f)), Possession of a Firearm during the Commission of a Felony (Felony Firearm, M.C.L. § 750.227(b)), and Possession of Marijuana (M.C.L. § 333.7403(2)(d)).  Petitioner was sentenced on May 13, 2010 to three to fifteen years for Felon in Possession, two years in prison for Felony Firearm (to be served consecutive to Felon in Possession), and sixty-two days for Possession of Marijuana (for which Petitioner received sixty-two days credit for time served). Petitioner remains in the custody of the Michigan Department of Corrections.  Respondent has filed a Motion to Dismiss Petitioner's claim (Docket # 8), and Petitioner has chosen not to respond after being served with Respondent's Answer.  The case is now ready for decision.

In October of 2009, a source informed police that she observed people in Petitioner's home, located in Montcalm County, possessing methamphetamine (meth) and laboratories for manufacturing meth.  The Central Michigan Enforcement Team (CMET) obtained and executed a search warrant on the home on October 26, 2009.  Inside Petitioner's home was a loaded shotgun, which officers seized, along with marijuana.

During the trial, Petitioner, his former live-in girlfriend, and his Aunt Emelander testified that neither the gun nor the marijuana belonged to Petitioner.  However, the jury found Petitioner guilty of all three charges.

After being convicted, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the same claims brought before this Court.  The Michigan Court of Appeals denied Petitioner's claims on July 14, 2011.  Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on December 28, 2011. Petitioner did not appeal to the United States Supreme Court, and instead filed a habeas petition in this Court on October 29, 2012

Petitioner maintains that his conviction was obtained in violation of his state and federal rights.  This petition sets forth two claims for relief: (1) that Petitioner's Fourth Amendment rights were violated by a search warrant supported by insufficient facts, and as such Petitioner requests his convictions be reversed, and (2) that the jury was read a "charge for conviction" jury instruction, for which Petitioner requests a new trial.  Respondent has filed a Motion to Dismiss Petitioner's application for habeas corpus relief (Docket # 8).  Petitioner has chosen not to respond after being served with Respondent's answer (Docket # 17).  The matter is now ready for decision.

I.

Petitioner filed this petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996.  PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*,

535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures

state convictions are made under state law).  28 U.S.C. § 2254(d) provides that any habeas

application by a person in state custody shall not be granted in regards to any claim that has

previously been adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme

Court, not lower federal courts, in analyzing a petitioner's claim under § 2254.  *Williams v.*

*Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  A

decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme

Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme

Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the

case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5)

it unreasonably refuses to extend Supreme Court legal principle where it should apply.  *Bailey*,

271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable"

simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

After applying the standards under AEDPA to Petitioner's case, this Court concludes that Petitioner has not provided clear and convincing evidence that the state court improperly applied clearly established federal law to the facts of Petitioner's case.

II.

Petitioner argues that this Court should grant him relief because: (1) the facts underlying the search warrant, which led to the physical evidence in this case, were insufficient for a finding of probable cause, and (2) the jury was read a biased jury instruction. This Court reviews both of these claims individually.

**A. Fourth Amendment Claim**

Petitioner raises a Fourth Amendment claim in alleging that the search warrant used to search his home was supported by insufficient facts. Petitioner requests that his convictions be reversed as a result.

Petitioner's claim is subject to dismissal under the rule announced in *Stone v.*

*Powell*, 428 U.S. 465 (1976).  In *Stone*, the Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Id.* at 482.

In *Riley v. Gray*, 674 F.2d 522 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982), the Sixth Circuit interpreted *Stone* as requiring the district court to make two distinct inquiries in habeas proceedings:

> Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim.  *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980).  Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.  *See Boyd v. Mintz*, 631 F.2d 247, 250 (3rd Cir. 1980); *Gates v. Henderson*, 568 F.2d 830, 840 (2nd Cir. 1977) (en banc), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978).

*Id.* at 526 (footnote omitted).  The record reveals no reason why petitioner would have been prevented from raising his Fourth Amendment claims in the state courts, or that efforts to raise this claim in state court were frustrated.  Petitioner alleged, in the state courts and now in this Court, that there was an insufficient factual basis to support the search warrant.  The state courts rejected his claim based on this information.  Petitioner has not raised new facts or evidence to show that he was unable to raise this claim in the state courts or that his presentation of the claim was frustrated.  Accordingly, Petitioner is precluded from raising this claim under the rule announced in *Stone v. Powell*, and his request for relief is denied.

**B. Charge for Conviction Jury Instruction Claim.**

Petitioner claims the trial court read an instruction to the jury that resulted in a "charge for conviction." Typically, a claim that a trial court gave an improper jury instruction is not cognizable on habeas review. Instead, Petitioner must show that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977); s*ee also Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (erroneous jury instructions may not serve as the basis for habeas relief unless they have "so infused the trial with unfairness as to deny due process of law"); *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (same). If Petitioner fails to meet this burden, he fails to show that the jury instructions were contrary to federal law. *Henderson*, 431 U.S. at 155-56.

In order to show a constitutional violation, petitioner must demonstrate that the instruction violated due process. *Id*. at 153.

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," . . . not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,'" . . .

*Id*. at 154. The evidence presented at trial, taken in the light most favorable to the prosecution, was sufficient to justify the instructions given by the court.

The Michigan Court of Appeals used an analogous standard for claims of biased jury instructions when it rejected Petitioner's claim:

> Defendant also argues that the trial court gave a prejudicial jury instruction and that he is therefore entitled to a new trial. While the

jury instruction may appear harsh when read in isolation, we perceive no abuse of discretion when the instruction is viewed in the overall context of this case.

Claims of instructional error are reviewed de novo. *People v. McKinney*, 258 Mich .App 157, 162; 670 N.W.2d 254 (2003). The determination whether a jury instruction is applicable to the facts of a case is within the sound discretion of the trial court. *Id*. at 163. "Jury instructions are reviewed in their entirety to determine if error requiring reversal occurred." *Id*. at 162.

A trial court may, in its discretion, "comment on the evidence, the testimony, and the character of the witnesses as the interests of justice require." MCR 2.516(B)(3); *see also People v. Anstey*, 476 Mich. 436, 451–452; 719 NW2d 579 (2006). "The trial court's authority to comment on the evidence encompasses the power to summarize the evidence relating to the issues, call the jury's attention to particular facts, and point out the important testimony so as to lead the jury to an understanding of its bearings." *Id*. at 453 (internal quotation marks and citations omitted). "The trial court's comments must be fair and impartial, and the court should not make known to the jury its own views regarding disputed factual issues, the credibility of the witnesses, or the ultimate question to be submitted to the jury." *Id*. at 453–454 (internal quotation marks and citations omitted).

Defendant argues that the trial court's instruction regarding the defense witness was not fair and impartial for two reasons. First, defendant argues that the trial court showed its bias by telling the jury that the witness was not timely disclosed to the prosecution. Second, defendant argues that the trial court's instruction discredited the testimony of the witness, who was critical to the defense.

The trial court instructed the jury:

> In this case there was testimony by [a defense witness] who was not disclosed to the People in a timely manner. You should examine this witness's testimony closely and be very careful about accepting it. You should think about whether [the witness's] testimony is supported by other evidence. When you decide whether to believe this witness consider the following: was the witness's testimony falsely slanted in favor of the defendant? Does she have some bias in favor of the defendant? In general, you should consider the testimony of this witness more cautiously than that you would of any other witness. You should be sure that

you've examined it closely before you base a decision
on it.

Defendant's first point is unsupported. Defendant cites no
authority for his proposition that it was improper for the trial court to
tell the jury that the witness was not timely disclosed to the
prosecution. We cannot conclude that the court abused its discretion
by informing the jury of the witness's untimely disclosure.

With respect to defendant's second point, we note that a party
must generally disclose the names and addresses of all lay and expert
witnesses whom the party intends to call no later than 28 days before
trial. MCR 6.201(A)(1). If a party violates this rule, "the court, in its
discretion, may ... prohibit the party from introducing in evidence the
material not disclosed, or enter such other order as it deems just under
the circumstances." MCR 6.201(J). The court's decision to exclude
evidence or enter any other order under MCR 6.201(J) is reviewable
only for an abuse of discretion. *Id*.

Here, defendant did not inform the prosecution of the witness
until a few days before trial began. Indeed, as the trial court
recognized, defendant's introduction of the witness was "a little bit of
a surprise" for the prosecution. It is clear that, because of defendant's
late disclosure of the witness, the trial court could have excluded the
witness's testimony altogether. *Id*.; see also *People v. Elkhoja*, 251
Mich. App 417, 439; 651 NW2d 408 (2002), vacated in part on other
grounds 467 Mich. 916 (2003). But instead of completely excluding
the witness's testimony, the trial court fashioned a less severe remedy,
instructing the jury merely that the testimony of the late-disclosed
witness should be carefully scrutinized and weighed with caution.

We fully acknowledge defendant's argument that the jury
instruction in this case constituted a "charge for conviction" in
violation of *People v. Brown*, 43 Mich. App. 170; 204 N.W.2d 72
(1972). In *Brown*, the trial court instructed the jury:

You will determine the factual situation here
because either Emmet Evans is a liar or this defendant,
James Edward Brown, is a liar.

In so doing, you will weigh, analyze the
respective theories of each side, and in fact, if you find
that the defendant did assault Emmet Evans on this date
and this occasion, then you will convict him.
Disregarding any sympathy you may have for his cause
or for the defendant himself because he does have a
physical affliction. Because in a larger sense, this is not

-8-

the case of the People of the State of Michigan on behalf of Emmett Evans, it is the peace and dignity of the peace of the people of the State of Michigan for whom you represent [sic] that is making the charges here today. For we are in difficult times in this country. We are now in a situation where we are going to have the rule of law or the rule of the mob. Because you have listened to this testimony and if an assault did take place, this man was not assaulted because he was Emmett Evans, he was not assaulted because he was a wrestling instructor at Wayne University. He was assaulted, if one took place, because someone thought he was a pig. The proper vernacular these days for a policeman.

On the other hand, if you find no matter what your personal feelings might be, that in fact no assault and battery took place, then you will acquit the defendant.

But, there are two diametrically opposed positions in this case. I say someone is a liar. You will determine by your verdict who is the liar. [*Id*. at 173–174.]

The *Brown* Court characterized this jury instruction as a "charge for conviction" because the trial court had essentially issued an "exhortation [ ] to the jurors to convict the defendant." *Id*. at 175. The Brown Court concluded that, given the trial court's strong language and one-sided instruction, it was meaningless for the trial court to tell the jurors that they were the sole judges of the facts. *Id*. at 175–176.

Unlike the instruction in *Brown*, the jury instruction given in the present case was not an "exhortation[ ] ... to convict the defendant." It is true that the trial court brought to the jury's attention that there had been a late disclosure of the witness. However, the court left open the possibility that the jurors would find the witness credible. Indeed, unlike in *Brown*, the trial court in this case did not instruct the jurors that the witness was likely "a liar" or that the witness's testimony was "diametrically opposed" to the other evidence of the case. In contrast to the instruction in *Brown*, the instruction in the instant case simply did not convey to the jurors that they should convict defendant regardless of the evidence. *See People v. Bowen*, 77 Mich. App 684, 687–688; 259 N.W.2d 189 (1977).

Considering the trial court's right to "comment on the evidence,

the testimony, and the character of the witnesses," MCR 2.516(B)(3), and to fashion a remedy for the late disclosure of witnesses, MCR 6.201(J), we cannot conclude that the court abused its discretion by giving the challenged instruction in this case. The instruction did not amount to an impermissible "charge for conviction."

Resp't Answer in Opp'n at 29-32, Docket # 8, (May 16, 2013).

The state court's review of this claim is thorough and complete. Petitioner has not shown that it was improper for the trial court to tell the jury to give less weight to a specific witness that was not timely disclosed to the prosecution. Because Petitioner has not provided clear and convincing evidence to overcome the state court's presumption of correctness under § 2254(e)(1), or put forth new facts not previously considered by the state courts, Petitioner has failed to show that he is entitled to any relief.

III.

This Court concludes that both of Petitioner's claims are without merit. Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable

-10-

or wrong.  Therefore, the Court denies a certificate of appealability to each issue raised.

For the same reasons the Court dismissed this action, the Court will certify that any appeal by Petitioner from the Court's decision and judgment would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is hereby **DENIED**.

In summary, Petitioner's motion for post-conviction relief (Docket # 4) pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.  A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED**.


Dated:  5/27/2015                                    */s/ R. Allan Edgar*
                                                      R. ALLAN EDGAR
                                                      UNITED STATES DISTRICT JUDGE